**C.A.V., Plaintiff/Respondent,**

v.

**S.L.D., Respondent/Appellant.**

No. 74711.

Missouri Court of Appeals, Eastern District, Division Five.

July 27, 1999.

---

Frances M. Weir, St. Charles, for appellant.

Connie S. Hood, St. Louis, for respondent.

KENT E. KAROHL, Judge.

On June 9, 1998, S.L.D., Mother of J.T.V., age seven, appealed from Findings, Recommendations and Judgment modifying an August 5, 1993 Order of Paternity, Child Support and Child Custody. On June 19, 1996, C.A.V., Father of J.T.V., filed a motion to modify the paternity judgment seeking custody of his son. Mother filed a cross-motion to modify seeking additional support. The court refused a transfer of custody. It increased child support, but refused Mother's request to make the increase retroactive. It did not award mother attorney's fees and made no order for reimbursement of guardian ad litem (GAL) fees. Mother appeals. She argues that the trial court erred when it: (1) did not grant the increase in child support effective retroactively to August 20, 1996, the date that she filed the motion to modify, instead of the date of the judgment; (2) awarded Father a 20% reduction in child support in addition to his eight week abatement of child support when son is in Father's care; (3) failed to order Father to reimburse Mother's GAL fees; and, (4) failed to award Mother attorney's fees. We affirm.

There is evidence to support finding the following facts. When the original paternity order was entered in 1993, the court awarded Mother primary custody of their son. It granted Father temporary custody. In 1993, Mother's gross income per month was $833.00 and Father's gross income per month was $1,333.00. The court ordered Father to pay child support of $206.00 per month. Three years later, he filed a motion to modify the paternity order, seeking primary custody. Mother filed a cross-motion to modify seeking: (1) an order for mediation of disputes regarding provisions of the paternity judgment; (2) an increase in child support payments retroactive from the date she filed the motion, August 20, 1996; and (3) guardian ad litem and attorney's fees.

The standard of review is set forth in the well-settled case *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will affirm the decision unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

■ In her first point on appeal, Mother argues that the trial court erred when it failed to award her an increase in child support retroactive to the date she filed her cross-motion. Retroactive child support is authorized by statute, but the power of the trial court to grant it "is

permissive, not mandatory ...." *Mistler v. Mistler*, 816 S.W.2d 241, 255 (Mo.App. 1991). Section 452.340(1) RSMo Cum. Supp.1998 states:

[i]n a proceeding for dissolution of marriage, legal separation or child support, the court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for the support of the child, including an award retroactive to the date of filing the petition....

Thus, the issue is whether the trial court abused its discretion when it chose not to award Mother retroactive child support. The statute directs the trial court to consider: "(1) [t]he financial needs and resources of the child; (2)[t]he financial resources and needs of the parents." Section 452.340(1) Cum.Supp.1998. Mother offered no evidence to support a finding of her financial needs and resources of either herself or of her son on the date she filed her cross-motion requesting retroactive child support, August 20, 1996. In the absence of such evidence there is no basis to support finding the trial court abused its discretion in not granting retroactive child support. Point denied.

■ In her second point, Mother argues that the trial court erred when it awarded Father a 20% reduction in child support in addition to an eight week abatement of child support. The court did not enter the order Mother contests. Her argument depends upon a false assumption that some of the support provisions of the 1993 paternity judgment continue to apply in the modified support judgment. Neither fact, nor law, supports this assumption. In the 1993 judgment, the court abated Father's child support payments for eight weeks in the summer when the child was in his care. However, in the 1998 judgment, the court ordered that Father receive a 20% credit off his increased child support payments and was silent as to any additional abatement. The 1993 judgment has no application to the 1998 judgment. The court's silence as to abatement means there is no abatement of the amended child support.

The court calculated a Form 14 and granted adjustment in the child support. The court's award of $387.00 per month was calculated to include a 20% credit for direct support during the extensive time son spends with Father. There is no provision for any other abatement included in this figure. Point denied.

■ In her third point, Mother argues that the trial court erred when it failed to order Father to reimburse Mother $300.00 for GAL fees she paid before the hearing. Mother mistakenly argues she is entitled to reimbursement because the court ordered Father to pay 100% of the GAL fees in the modification judgment. The court found that the GAL earned a fee of $6037.50. It then subtracted $800.00, which had already been paid by the parties. It ordered Father to pay the balance of $5237.50 to the GAL. It did not order Father to pay 100% of the GAL fees as Mother concludes. Besides misreading the 1998 modification judgment, Mother also misreads the temporary award in which the court ordered that each party, Mother and Father, pay $300.00 towards the GAL fees. Mother's payment of $300.00 to the GAL merely satisfied her portion of the order. Father is not obligated to reimburse Mother because (1) she was ordered to pay and paid $300.00, and; (2) the court ordered Father to pay the balance, not 100% of GAL fees. Point denied.

Mother's final point is that the trial court abused its discretion in not granting Mother attorney's fees. We have reviewed all of the relevant facts. We find no error of law. A detailed consideration would have no precedential value. Point denied. Rule 84.16(b).

We affirm.

ROBERT G. DOWD, Jr., C.J. and CHARLES B. BLACKMAR, Senior Judge, concur.